1

2

3

4

5

6

7

8                                IN THE UNITED STATES DISTRICT COURT

9                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RAUL NUNO,                                      No. C 11-02446 SBA (PR)

12                    Petitioner,                    **ORDER TO SHOW CAUSE; GRANTING**
                                                     **IN FORMA PAUPERIS STATUS; AND**
13          v.                                       **DENYING PETITIONER'S MOTION**
                                                     **FOR APPOINTMENT OF COUNSEL**
14   MATTHEW CATE, Warden, et al.,

15                    Respondents.

16   _____/

17          Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28

18   U.S.C. § 2254.  Petitioner also seeks leave to proceed in forma pauperis.  He has also filed a motion

19   for appointment of counsel.

20                         **REQUEST FOR APPOINTMENT OF COUNSEL**

21          The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See

22   Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B),

23   however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

24   court determines that the interests of justice so require" and such person is financially unable to

25   obtain representation.  The decision to appoint counsel is within the discretion of the district court.

26   See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v.

27   Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

28          Courts have made appointment of counsel the exception rather than the rule by limiting it to:

*United States District Court*
*For the Northern District of California*

(1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).  Under the foregoing standard, the Court finds that appointment of counsel is not warranted.  Thus, Petitioner's motion for appointment of counsel is DENIED.

**ORDER TO SHOW CAUSE**

It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

1.      Petitioner's application to proceed in forma pauperis is GRANTED.

2.      The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

3.      Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

5.      Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

8.      This Order terminates Docket nos. 3 and 5.

IT IS SO ORDERED.

DATED:  _____6/13/11_____         _Saundra B Armstrong_____
                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAUL NUNO,

        Plaintiff,

  v.

MATTHEW CATE et al,

        Defendant.
_____/

Case Number: CV11-02446 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raul  Nuno F-86101
High Desert State Prison
P.O. Box 3030
Susanville,  CA 96127

Dated: June 15, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California